WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew Horodner,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Midwestern University,<br><br>　　　　Defendant. | No. CV-20-01800-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the parties' joint request for a discovery dispute hearing. (Doc. 57). The Court has reviewed the parties' filing and finds that the Court does not require argument on this issue.

The dispute arises over the deposition of Dr. Tennant, an Associate Dean at Defendant. (*Id*). (The Court understands the parties' filing to represent that they have resolved any dispute they may have had over the deposition of Dr. Sesterhenn.) On December 3, 2021, Plaintiff noticed Dr. Tennant's deposition for December 16, 2021. (Doc. 54). Discovery closes in this case on December 17, 2021. (Doc. 23).

> Although a nonparty's attendance generally can be compelled only by subpoena, [t]here are exceptions to this rule. If the party is a corporation or other organization, its officers, directors, managing agents, and persons the organization designates to testify about the deposition's subject matter can be sanctioned for disobeying a court order to appear. *See* Fed. R. Civ. P. 30(b)(6), 37(b)(2)(A). Some courts have expanded this principle to include witnesses who are effectively under the party's control, such as family members, *see Robbins v. Abrams*, 79 F.R.D. 600, 602 (S.D.N.Y. 1978), and officers of wholly owned subsidiaries, *see Martin Eng'g Co. v. Vibrators, Inc.*, 20 Fed. R. Serv. 2d (Callaghan) 486 (E.D. Ark. 1975). *See* Moore et al., *supra* § 30.21.

*Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1223 & n.4 (9th Cir. 2018).

Here, neither party disputes that notice was all that was required for Dr. Tennant's deposition. (*See* Doc. 57). Federal Rule of Civil Procedure 30(b)(1) requires that such notice be reasonable. The Court finds that December 3, 2021 was reasonable notice of a December 16, 2021 deposition particularly given that the parties discussed this issue on December 1, 2021. (*See id.*); *Zone Sports Ctr., LLC v. Nat'l Sur. Corp.*, No. 111CV00845LJOBAM, 2012 WL 13034350, at *1 (E.D. Cal. Mar. 7, 2012) ("Commonly, courts find that notice of at least five business days' notice is required to constitute reasonable notice.").

In the filing before the Court, it is noted that Defendant stated, "Dr. Tennant had been deposed as a designated 30(b)(6) witness." (Doc. 57 at 2). To the extent this is meant to be an argument that Dr. Tennant cannot now be deposed as a fact witness, that argument is rejected.

> First, the court rejects the notion that taking a Rule 30(b)(6) deposition is necessarily duplicative of a fact witness deposition even if the same person is being deposed in both instances. Rule 30(b)(6) expressly provides that "[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6). The deposition of an individual and the deposition of the same person as a representative of the organization are two distinct matters and can be utilized as distinct forms of evidence. *See Taylor v. Shaw*, No. 2:04CV01668LDGLRL, 2007 WL 710186, at *2 (D. Nev. Mar. 7, 2007) ("Rule 30 allows depositions of a witness in his individual capacity and in an organizational capacity because the depositions serve distinct purposes and impose different obligations."). For example, a fact witness is generally limited to his or her own personal knowledge, whereas a Rule 30(b)(6) deponent testifies on behalf of the organization. *See* Fed. R. Civ. P. 30(b)(6) ("The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf...."). Thus, Plaintiffs are entitled to seek both types of discovery from Defendants, and the court does not consider these forms of discovery "duplicative" even if they address similar or overlapping subject matters.

*Doe v. Trump*, 329 F.R.D. 262, 273–74 (W.D. Wash. 2018).

Given that Dr. Tennant's individual deposition as a fact witness was timely noticed, and that the parties do not dispute that notice is all that was required, Dr. Tennant cannot refuse to attend the deposition. Therefore, Dr. Tennant will be required to appear on December 16, 2021 for the deposition. As a result, the Court finds that the parties' dispute

regarding whether the discovery deadline should be extended for purposes of taking Dr. Tennant's deposition is moot.

Based on the foregoing,

**IT IS ORDERED** that Dr. Tennant shall appear for deposition as noticed at Doc. 54.

**IT IS FURTHER ORDERED** that the parties' request for a discovery dispute hearing (Doc. 57) is denied for the reasons stated above and the request to extend the discovery deadline by Plaintiff (Doc. 57) is denied as moot.

Dated this 10th day of December, 2021.

James A. Teilborg
Senior United States District Judge