1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9   Mathew Horodner,

10              Plaintiff,

11   v.

12   Midwestern University,

13              Defendant.

14

**NO. CV-20-01800-PHX-JAT**

**ORDER SETTING FINAL
PRETRIAL CONFERENCE AND
TRIAL**

15          **IT IS ORDERED** setting Trial to begin **Wednesday, April 19, 2023 at 9:00 a.m.**

16   This will be a simultaneous bench and jury trial on the equitable and legal claims.

17          **IT IS FURTHER ORDERED** setting a Final Pretrial Conference in this case for

18   **April 5, 2023 at 10:00 a.m.**

19          **IT IS FURTHER ORDERED** that lead counsel for each party and all attorneys

20   who intend to speak at trial (and any party appearing pro se) must attend the Final Pretrial

21   Conference (to be held at 401 W. Washington Street, Phoenix, Arizona, Courtroom 503).

22          **IT IS FURTHER ORDERED** that the attorneys (or pro se parties) who will be

23   responsible for the trial of the case shall:

24   (1)     Prepare and sign a **joint** Proposed Final Pretrial Order and lodge it with the Court

25   (by electronically filing a notice of lodging with the **joint** Proposed Final Pretrial Order

26   attached) by **January 17, 2023**.

27   (2)     In addition to lodging a copy of the **joint** Proposed Final Pretrial Order, the parties

28   shall also submit a copy of the **joint** Proposed Final Pretrial Order in a Word compatible

format to the chambers' e-mail address.[1]

(3)     Finally, the parties shall also submit a paper copy of the **joint** Proposed Final Pretrial Order to chambers within 5 days of filing (as indicated below, all paper copies shall be three-hole punched on the left side of the document).

**IT IS FURTHER ORDERED** that the content of the **joint** Proposed Final Pretrial Order shall include, but not be limited to, the content prescribed in the Proposed Final Pretrial Form of Order attached hereto.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer an exhibit, a witness, or other information that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Procedure; **and** (3) listed in the **joint** Proposed Final Pretrial Order; unless the offering party can show good cause as to why such party failed to comply with these requirements.

**IT IS FURTHER ORDERED** that the parties shall exchange drafts of the **joint** Proposed Final Pretrial Order **no later than fourteen (14) days before the submission deadline**.

**IT IS FURTHER ORDERED** that:

(1) the parties shall number exhibits as provided in Attachment #2 ("Exhibits - Marking, Listing and Custody"), and such numbers shall correspond to the numbers of exhibits listed in the **joint** Proposed Final Pretrial Order;

(2) **no later than fourteen (14) days before the submission deadline for the joint Proposed Final Pretrial Order**, the parties shall meet in person and exchange marked copies of all exhibits to be used at trial; any exhibit not marked and exchanged at this meeting shall be precluded at trial;[2]

---

[1]     Teilborg_chambers@azd.uscourts.gov

[2]     If there is any dispute as to the location of this meeting, it shall occur in this Court's jury room.

During this in-person meeting the exhibits must be in the exact physical form that will be used at trial.  In other words, if a party intends to offer a paper exhibit at trial, that party must have a marked paper exhibit at this meeting, not an electronic copy.

Also, the parties should mark their exhibits exactly as they intend to offer them at trial.  Meaning, an exhibit will be admitted **in its entirety**; thus, if any part of the exhibit

(3) while meeting to exchange exhibits, the parties shall eliminate any duplicate exhibits; and

(4) the marked exhibits shall thereafter remain unaltered until further order of the Court.[3]

**IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the parties shall file and serve all motions in limine (not to exceed five pages each) no later than **January 25, 2023**. Each motion in limine shall include the legal basis supporting it. Responses to motions in limine (not to exceed five pages each) are due **February 15, 2023**. **<u>No replies will be permitted</u>**. The attorneys for all parties (or any pro se parties) shall come to the Final Pretrial Conference prepared to address the merits of all such motions.

**IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the parties shall complete the following tasks <u>by the time of the lodging of the **joint** Proposed Final Pretrial Order</u>:

(1) The parties shall file in a separate pleading a **<u>stipulated-to</u>** description of the case to be read to the jury;

(2) For purposes of voir dire, the parties shall provide a **<u>joint</u>** master list of the name of every witness who may be called at trial;

(3) The parties shall file in a **<u>joint</u> <u>separate</u>** pleading a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall **<u>stipulate to</u>** the proposed voir dire questions. If the parties have any disagreement about a particular question, the party or parties objecting shall state the reason for their objection below the question.

(4) The parties shall file in a **<u>joint</u> <u>separate</u>** pleading a proposed set of jury instructions.[4]

(5) Each party shall file in a **<u>separate</u>** pleading a form of verdict to be given to the jury at the end of the trial.

---

is objectionable, it will be excluded **in its entirety**. The parties shall not plan to break the exhibit apart into admissible sub-parts if an objection is sustained.

[3] The exhibits do not need to be delivered to court at the final pretrial conference. They should be marked and given to the courtroom deputy by the morning trial begins.

[4] See Attachment #1

**IT IS FURTHER ORDERED** that, if the case will be tried to a jury, in addition to filing with the Clerk of the Court, the parties shall also submit their **joint** proposed voir dire questions, **stipulated-to** statement of the case, **joint** proposed jury instructions, and **separate** forms of verdict in a Word compatible format to the chambers' e-mail address.

**IT IS FURTHER ORDERED** that, if the case will be tried to the Court, each party shall file, in addition to the **joint** Proposed Final Pretrial Order, proposed findings of fact and conclusions of law, by the same date the **joint** Proposed Final Pretrial Order is due. These proposed findings of fact and conclusions of law shall also be submitted in both written copy and in a Word compatible format to the chambers' e-mail address.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed of the possibility of settlement and, should settlement be reached, the parties shall promptly present a Stipulation and Order of Dismissal for signature by the undersigned.  Mere Notice of Settlement or notification by phone or e-mail of settlement shall not suffice to vacate the trial date, nor excuse the parties from being ready and able to proceed with trial at the time and on the date set for trial.  Filing a notice of settlement shall not prevent the assessment of jury fees notwithstanding Local Rule Civil 40.2(c).

**IT IS FURTHER ORDERED** that within five days of filing each of the documents required above, the filing party shall provide a paper copy of the document to chambers; the Court's paper copy of every document required above shall be **three-hole punched** on the left side of the document.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

Dated this 19th day of October, 2022.

James A. Teilborg
Senior United States District Judge

ATTACHMENT #1

The parties shall submit a joint list of proposed jury instructions.  The list shall contain the following sections:

I.      Section I - Preliminary Instructions (before opening statements).  The parties shall list their preliminary instructions in the order in which they propose that such instructions will be read to the jury.  At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.

         If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction.  The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection.   If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection.

II.     Section II.  Mid-Trial Instructions (limiting instructions etc.).  The parties shall list all limiting instructions that they propose should be read during the trial.  At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.  If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction.  The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection.  If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection.

         NOTE: During trial it will be the proposing party's responsibility to advise the Court when the party believes the case has reached a point when a mid-trial instruction should be read.

III.    Section III.  Final Instructions (after closing arguments).  The parties shall list their final instructions in the order in which they propose that such instructions will be read to the jury.  At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.  If either party seeks to have any preliminary instruction or mid-trial instruction repeated as part of the final instructions, such party should restate that instruction in this Section III.

         If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction.  The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection.   If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection.  Thus, only one instruction on any topic may be submitted, even if such submission is in alternate forms.   The opposing party may NOT submit a new instruction on the topic rather than offer an alternative instruction to the proposing party's instruction.[5]

_____

[5] If the parties cannot agree who should be the proposing party, the default proposing party will always be Plaintiff.

- The parties shall include the full text of all instructions - including model and standardized instructions.

- Each proposed instruction shall begin on a new page.

- The parties should note that absent a showing of good cause, the failure to (1) submit a proposed instruction, (2) follow these directions, or (3) make an objection in the format set forth herein by the deadline set forth herein shall result in the instruction being refused or the objection being deemed waived.

# ATTACHMENT #2
## EXHIBITS - MARKING, LISTING AND CUSTODY
For Senior United States District Court Judge
**Hon. James A. Teilborg**  (Judge Code 7025)

**Marking and listing of exhibits is the responsibility of counsel, not the courtroom deputy, and shall be delivered to the courtroom deputy <u>the day of trial or the day before trial</u>** (not the final pretrial conference) **unless otherwise directed by the deputy clerk.**

Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein.  **Counsel shall also prepare the exhibit and witness lists (using the Clerk's Office format) and provide the lists to the courtroom deputy in triplicate (1 original and 2 copies), along with the actual exhibits.**

During trial/hearing, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

If you need a format in which to prepare the exhibit and witness lists, please refer to the district court's website at www.azd.uscourts.gov and access "Judicial Officer Information."

<u>USE OF LABELS/COVER SHEET</u>
1.    Exhibit cover sheets and labels are divided by color to indicate whether the exhibit is offered by plaintiff (**YELLOW**) or defendant (**BLUE**).

2.    Exhibit cover sheets are provided to counsel by the courtroom deputy for the purpose of numbering and labeling exhibits PRIOR to trial.  Cover sheets shall be copied on yellow or blue paper and used in cover sheet fashion to identify standard-size paper exhibits.  The cover sheet shall be stapled to the top of the original exhibit, and the exhibit shall be placed in a manilla folder number to correspond with the exhibit number.  Prepare extra cover sheets and provide extra manilla folders to use for exhibits marked during trial.

3.    If the paper exhibit is too large to staple, use a 2-hole ACCO fastener to fasten the exhibit together at the top of the page, with an exhibit cover sheet attached to the front of the exhibit.

4.    If the exhibit is a photograph or item smaller than 8" x 10", STAPLE it to an exhibit cover sheet OR place an exhibit label on the reverse side, lower right-hand corner.

5.    Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or may be marked in a logical location on the item or on the plastic bag containing the item.

6.    Large charts should be identified in the lower right-hand corner with an exhibit label.  If the item is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

<u>NUMBERING</u>
1.    Blocks of numbers are assigned to each side:  plaintiff starts with number 1 through the estimated number of exhibits.  Defendant is to utilize numbers starting after plaintiff but allowing space for additional exhibits marked during trial. (Example: Plaintiff 1 - 80; Defendant 100- ).  Exhibit numbers not used will be noted by the clerk on the exhibit list.  **Failure to comply with this directive will result in exhibits being remarked by counsel.**

2.     Plaintiff and defendant shall consult with one another prior to marking exhibits to **avoid marking duplicates**.  If plaintiff marks a document, the defendant should not mark the same document.  The exhibits are considered court exhibits, not plaintiff and defendant.  Either side may move the other's exhibits into evidence.

3.     Use NUMBERS ONLY except when identifying sub-parts (e.g. 3a, 3b, 3c).  If the sub-parts will be more than a through z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, 4c, etc. or 3-1, 3-2, 3-3, etc.).  It is very difficult for the court, counsel/parties, clerk  and court reporter to ask for or listen to exhibits 1aa - 1eeee.  Categorizing exhibits should be kept as simple and clear as possible.  For the most part, USE NUMBERS.

4.     Multiple page exhibits should be stapled or ACCO fastened; please do not use paper or binder clips or rubber bands.  **If submitted in this fashion, exhibits will be returned to counsel to be re-submitted stapled or with ACCO fasteners.**  Regarding bulky documents, BATES stamp numbers may be placed on each page and can be continuously numbered for easy reference.

5.     Blocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs; etc.)

## USE OF FOLDERS

1.     Place exhibits in folders so that the exhibits may be pulled out of the folder during trial.  DO NOT attach the exhibit to the file folder.  Label the top of the folder to identify the exhibit.  Provide extra folders to the courtroom deputy for exhibits marked during trial.

2.     Place the exhibit folders in a box in numerical order.  Mark the outside of the box as to what exhibits are contained therein.  Leave room in the box for any extra exhibits that may be submitted during trial.

3.     DO NOT place trial exhibits in binders except when the binder is considered ONE exhibit.  Mark the binder with an exhibit label in the lower right-hand corner.

4.     **A courtesy copy of the exhibits should be prepared for the Judge**.  Place these exhibits in <u>3-ring binders</u> with numbered tabs to correspond with exhibit numbers.  The Judge's copies should NOT have original exhibit covers sheets on them.

## EXHIBIT LISTS

1.     Exhibits may be listed on the exhibit worksheet provided or the exhibit worksheet reproduced on a word processor (WORD compatible) using the same format.  The form is self-explanatory.  Be sure and leave enough SPACE to add additional information, such as sub-parts and additional exhibits.

2.     Email the courtroom deputy clerk a copy of the exhibit worksheet in WORD format.  Additionally, provide the courtroom deputy clerk with an original and two (2) copies of the exhibit list the morning of trial or as otherwise directed.  **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the exhibit list.**

## WITNESS LISTS

1.     Witnesses may be listed on the witness worksheet provided or the witness worksheet reproduced on a word processor (WORD compatible) using the same format.  Provide the full name of each witness and list them in alphabetical order.  Names should be at the top of the block and extra spaces provided at the end of the

list.  This is helpful when names have to be added that are not on the list.  **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the witness list.**

2.      Email the courtroom deputy clerk a copy of the witness worksheet in WORD format.  Additionally, provide the courtroom deputy with the original and two (2) copies of the witness list the morning of trial or as otherwise directed.

## SENSITIVE EXHIBITS
1.      The courtroom deputy clerk will NOT take custody of any sensitive exhibits.  During lengthy breaks and at close of the day, these exhibits are returned to the government (usually the agent) until court resumes.  Pursuant to LRCiv 79.1(b):

Sensitive exhibits, whether or not received as evidence, shall remain in the custody of the arresting or investigating agency or its designee throughout the proceedings, unless otherwise ordered by the Court. Sensitive exhibits include drugs and drug paraphernalia, guns and other weapons, money, and any other exhibit designated as sensitive by the Court.

## IMPEACHMENT EXHIBITS
1.      Impeachment exhibits are given to the courtroom deputy **the first day of trial**, (unless other arrangements are made) in a SEALED envelope.  The envelope should be marked with the caption of the case, case number and shall identify the party presenting the exhibit.  If there is more than one exhibit in the envelope, mark each exhibit with a SEPARATE NUMBER so it can be easily identified.  Do not using any numbers previously used for marking non-impeachment exhibits.  Prepare an impeachment exhibit list for the courtroom deputy (in the accepted format) and a courtesy copy for the Court.  The courtroom deputy will assign the next available number if and when the exhibit is used during trial.

2.      Provide an extra copy of impeachment exhibits in a sealed envelope as a courtesy copy for the Court with accompanying exhibit list.

## STIPULATED EXHIBITS
1.      In civil trials, parties may agree on most of the exhibits prior to trial and as listed in the Pretrial Order.  Counsel may give the courtroom deputy clerk a list of the stipulated exhibits to be marked in evidence before moving for their admission on the record.  For example, stipulated exhibits 1-28, 31, 45-50, etc.  The clerk will then mark those exhibits and the exhibit list as "admitted into evidence."

In criminal trials, stipulated exhibits usually come in one at a time during the course of trial.

## DEPOSITIONS
1.      Depositions ARE NOT to be marked as exhibits.  Identify them by party (so they can be returned to the correct party after trial), place them in alphabetical order and give them to the courtroom deputy the morning of trial.

## MEDICAL OR TECHNICAL TERMS
1.      Provide a list of medical or technical terms (in alphabetical order) to assist the court reporter prior to the commencement of trial.  These lists should be emailed to the chambers email address.

## RETURN OF EXHIBITS
1.      Pursuant to Local Rule (LRCiv 79.1/LRCrim 57.11), all exhibits are returned to respective parties to retain custody pending all appeals.  If the exhibits are not

picked up within thirty (30) days of the Notice of Return of Exhibits, the clerk may destroy or otherwise dispose of those exhibits.

2.      Usually trial exhibits are handed immediately back to the respective counsel by the courtroom deputy at the conclusion of trial.  When the case is taken under advisement and a verdict or court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

Sample exhibit and witness lists and exhibit tags are attached.   On the exhibit worksheet and witness lists modify forms to reflect the correct title (criminal or civil) and the case number (CR or CV).

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CRIMINAL/CIVIL EXHIBIT LIST

_____Preliminary Injunction   _____TRO   _____Non-Jury Trial   _____Jury Trial

Case Number_CR (CV)_____-_____-_____-JAT_   Judge Code_7025_

Date _____

_____vs._____

Plaintiff/Petitioner              Defendant/Respondent

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED IN EVIDENCE | DESCRIPTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CRIMINAL/CIVIL WITNESS LIST

_____Preliminary Injunction   _____TRO   _____Non-Jury Trial   _____Jury Trial

Case Number CR (CV)_____-_____-_____-JAT____   Judge Code 7025

Date _____

_____vs._____

_____ Plaintiff⁄Petitioner                          _____ Defendant⁄Respondent

| NAME | SWORN | APPEARED |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO.   _____
_____
VS.   _____
PLAINTIFF'S EXHIBIT   _____
DATE: _____   IDEN.
DATE: _____   EVID.
   BY: _____
         Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. _____

VS. _____
DEFENDANT'S EXHIBIT _____
DATE: _____  IDEN.
DATE: _____  EVID.
  BY: _____
        Deputy Clerk

1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                       **FOR THE DISTRICT OF ARIZONA**
8
9    ❖,                                    No. CV-❖-❖-PHX/PCT-JAT
10                    Plaintiff(s),        **[PROPOSED] FINAL PRETRIAL**
                                           **FORM OF ORDER**
11   v.
12   ❖,
13                    Defendant(s).

The following is the **joint** Final Pretrial Order considered at the Final Pretrial Conference on ❖ **at** ❖.

### A.   COUNSEL FOR THE PARTIES

Include the mailing addresses, e-mail addresses, and office phone and fax numbers.

Plaintiff(s):

Defendant(s):

### B.   STATEMENT OF JURISDICTION

**1.**   Cite the statute(s) which gives this Court jurisdiction.   (E.g., Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.)

**2.**   State whether jurisdiction (is) (is not) disputed.   (If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

### C.   STIPULATIONS AND UNCONTESTED FACTS AND LAW

[See sample format below.]

**1.**   The following facts are admitted by the parties and require no proof:

**2.** The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

**3.** The following issues of law are uncontested and stipulated to by the parties:

**D.    CONTESTED ISSUES OF FACT AND LAW**

[See sample format below.]

**1.** The following are the issues of fact to be tried and decided:  (Each issue of fact must be stated separately and in specific terms.  Each party's contention must be set forth with respect to each and every issue of fact.  E.g.,

Issue # 1:  Whether Plaintiff used due care.

Plaintiff Contends:  Plaintiff looked both ways before stepping into the street . . .

Defendant Contends:  Plaintiff was chasing a ball and darted out into the street without looking . . . .)

**2.** The following are the issues of law to be tried and determined:  (Each issue of law must be stated separately in specific terms.  Each party's contention must be set forth with respect to each and every issue of law.  E.g.,

Issue # 1:  Whether Plaintiff's suit is barred by the doctrine of laches.

Plaintiff Contends: . . .

Defendant Contends: . . .

(As to any issue of law, a party may file a short trial brief [not to exceed five pages] on such issue contemporaneously with the filing of the Proposed Final Pretrial Order.))

**E.    LIST OF WITNESSES**

Each party shall **separately** list the names of witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness. The witnesses shall be grouped as follows:

(1) witnesses who shall be called at trial;

(2) witnesses who may be called at trial; and

(3) witnesses who are unlikely to be called at trial.

Additionally, the parties shall include the following text in this section of the Proposed Final Pretrial Order: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed.  Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party."

### F.    LIST OF EXHIBITS

**1.**    The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

        **a.**    <u>Plaintiff's Exhibits</u>:

        **b.**    <u>Defendant's Exhibits</u>:

**2.**    As to the following exhibits, the parties have reached the following stipulations:

        **a.**    <u>Plaintiff's Exhibits</u>:

        **b.**    <u>Defendant's Exhibits</u>:

**3.**    As to the following exhibits, the party ("objection party") against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection (legal objection stated in few words – **no narrative**) stated below:

        **a.**    <u>Plaintiff's Exhibits</u>:  (E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . . (the objection must specify why there is a lack of foundation.))

        **b.**    <u>Defendant's Exhibits</u>: (E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of relevance and materiality because (the objection must specify why the exhibit is not relevant or material.))

        **c.**    If the objecting party seeks to use an exhibit listed by an offering party, an asterisk shall be placed next to that exhibit number, and the offering party shall set forth any objections that party reserves if the objecting party offers that exhibit.

        **d.**    The offering party shall bring all marked exhibits to trial the

morning of trial; the offering party may not remove any exhibits after the parties' meeting. In other words, all exhibits marked at the meeting shall be brought, in their complete form, to trial.

        **4.**    The parties shall include the following text in this section of the Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this **joint** Proposed Final Pretrial Order that any objections not specifically raised herein are waived."

### G.    DEPOSITIONS TO BE OFFERED

The parties shall list the depositions that may be used at trial. The portions to be read at trial shall be identified by page and line number. Counter-designations (if any) to proposed deposition testimony shall also be listed in this section. Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided. Such copy shall contain each party's highlighting (each party should use a different color).[6]

The parties shall include the following text in this section of the **joint** Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this **joint** Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause."[7]

### H.    MOTIONS IN LIMINE (JURY TRIAL)

Motions in limine shall be filed as **separate** pleadings and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

### I.    LIST OF PENDING MOTIONS

(Other than the separately filed Motions in Limine.)

### J.    ESTIMATED LENGTH OF TRIAL

3  hours - Jury selection

---

[6] The marked depositions are due the morning of trial with the Judge's copy of the exhibits.
[7] The deposition requirements do not apply to depositions that will be used solely for impeachment purposes.

__ hours - Opening statements

__ hours – Plaintiff's case (including rebuttal, if any)

__ hours – Defendant's case

__ hours - Closing arguments

__ hours - Total.

(Because this is a simultaneous bench and jury trial, this estimate must include all evidence for both aspects of the case.)

**K.      TRIAL START DATE**

**April 19, 2023**

**L.      JURY DEMAND**

State whether a jury trial has or has not been requested.  If a jury trial was requested, indicate the appropriate selection:

**1.**      The parties stipulate that the request was timely and properly made;

**2.**      The (Plaintiff or Defendant) contends that the request was untimely made because . . . (explain why request was untimely); or

**3.**      The (Plaintiff or Defendant) contends that although the request for trial by jury was timely, the request is otherwise improper as a matter of law because . . . (indicate the legal basis for why a jury trial is improper).

**For the Bench Trial portion of the case**

**M-1.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Proposed Findings of Fact and Conclusions of Law shall be **filed** by each party as a **separate** document in accordance with the instructions contained in the Order Setting Final Pretrial Conference.  The parties shall include the following text in this section of the Proposed Final Pretrial Order: "The separately lodged Proposed Findings of Fact and Conclusions of Law are incorporated by reference into this **joint** Proposed Final Pretrial Order."

/ / /

/ / /

**For the Jury Trial portion of the case**

**M-2.  JOINT PROPOSED JURY INSTRUCTIONS, JOINT PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT**

The **joint** Proposed Jury Instructions, **joint** Proposed Voir Dire Questions, and Proposed Forms of Verdict shall be filed as **separate** pleadings in accordance with the instructions contained in the Order Setting Final Pretrial Conference. The parties shall include the following text in this section of the Proposed Final Pretrial Order: "The separately filed **joint** Proposed Jury Instructions, **joint** Proposed Voir Dire Questions, and Proposed Forms of Verdict are incorporated by reference into this **joint** Proposed Final Pretrial Order."

**N.     CERTIFICATIONS**

The parties shall include the following text in this section of the Proposed Final Pretrial Order: "The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

> **1.**      All discovery has been completed.

> **2.**      The identity of each witness has been disclosed to opposing counsel.

> **3.**      Each exhibit listed herein:  (1) is in existence; (2) is numbered; and (3) has been disclosed and shown to opposing counsel.

> **4.**      The parties have complied **in all respects** with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

> **5.**      The parties have made all of the disclosures required by the Federal Rules of Civil Procedure.  (Unless otherwise previously ordered to the contrary.)

> **6.**      The parties acknowledge that once this **joint** Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

**APPROVED AS TO FORM AND CONTENT:**


_____          _____
Attorney for Plaintiff(s)                                   Attorney for Defendant(s)

Based on the foregoing,

**IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

DATED this ___ day of _____, 2023.

_____
James A. Teilborg
Senior United States District Judge